IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE F. STEPHENS, | No. C 14-00401 HRL (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| SUE PATRICK, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, filed a complaint against a nurse ate San Quentin State Prison ("SQSP") pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

Order of Dismissal
P:\PRO-SE\HRL\CR.14\00401Stephens_dism(ftsac).wpd

1 | immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be
2 | liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
3 | 1988).

4 |     In its review, the court must identify any cognizable claims and dismiss any claims
5 | which are frivolous, malicious, fail to state a claim upon which relief may be granted, or
6 | seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §
7 | 1915A(b). Failure to state a claim is a grounds for dismissal before service under both
8 | sections 1915A and 1915(e)(2), as well as under Rule 12(b)(6). Dismissal for failure to
9 | state a claim is a ruling on a question of law. See Parks School of Business, Inc., v.
10 | Symington, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will
11 | ultimately prevail, but whether he is entitled to offer evidence to support his claim."
12 | Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).

13 |     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
14 | elements: (1) that a right secured by the Constitution or laws of the United States was
15 | violated, and (2) that the alleged violation was committed by a person acting under the
16 | color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

17 | **B.    Plaintiff's Claim**

18 |     Plaintiff claims that on June 17, 2013, Nurse Sue Patrick caused damage to his left
19 | eardrum while attempting to remove earwax, which was blocking his hearing, by using a
20 | "syringe with a long stem at the end of it." (Compl. at 3.) Plaintiff claims that the injury
21 | involved a ruptured eardrum resulting in bloodstained discharge, itching, severe pain, a
22 | foul smell, headache, confusion, stiff neck, and partial hearing loss in his left ear. (Id.)
23 | Plaintiff seeks damages from Nurse Patrick for her "incompetence or gross negligence" in
24 | carrying out "usual certified or licensed nursing functions." (Id. at 4.)

25 |     Neither negligence nor gross negligence is actionable under § 1983 in the prison
26 | context. See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994); Wood v.
27 | Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state
28 | claim for denial of medical needs to prisoner). A claim of medical malpractice or

negligence is insufficient to make out a violation of the Eighth Amendment. See Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); see, e.g., McGuckin, 974 F.2d at 1059 (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's 8th Amendment rights); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (repeatedly failing to satisfy requests for aspirins and antacids to alleviate headaches, nausea and pains is not constitutional violation; isolated occurrences of neglect may constitute grounds for medical malpractice but do not rise to level of unnecessary and wanton infliction of pain). The applicable standard is one of deliberate indifference to inmate health or safety under the Eighth Amendment, see Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 302 (1991).

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059.

This action must be dismissed because Plaintiff fails to state a claim upon which relief may be granted under § 1983. Even if we assume all the facts as true and that Plaintiff had a serious medical need, there is no indication that Nurse Patrick did a purposeful act or failed to act with respect to Plaintiff's medical needs. See McGuckin, 974 F.2d at 1060. Plaintiff came to her to have earwax in his left ear removed. She did not deny his request, but proceeded to treat his complaint by removing the earwax. Even if we assume as true that her actions resulted in the injuries alleged by Plaintiff, her incompetence is insufficient to make out a violation of the Eighth Amendment. See

Toguchi, 391 F.3d at 1060-61. Furthermore, Plaintiff asserts that his claim against Nurse Patrick is based on her "incompetence" or "gross negligence," and he makes no assertion that she acted with deliberate indifference to his medical needs. (Compl. at 4.) Accordingly, the claim against Nurse Patrick must be dismissed for failure to state a federal claim.

## CONCLUSION

For the reasons stated above, this action is DISMISSED for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b).

**IT IS SO ORDERED.**

DATED: 6/2/14

HOWARD R. LLOYD
United States Magistrate Judge